# IN THE COURT OF APPEALS OF IOWA

No. 24-0439
Filed October 1, 2025

**DARNELL GARRETT DEMERY,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

　　Darnell Demery appeals the dismissal of his fourth application for postconviction relief.  **AFFIRMED.**

　　Carla Pearson of Pearson Law, PC, Cedar Rapids, for appellant.

　　Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee.

　　Considered without oral argument by Greer, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**MULLINS, Senior Judge.**

Darnell Demery fired a handgun at a police officer who was chasing him through an overgrown area in Waterloo. A jury found Demery guilty of attempt to commit murder, assault on a peace officer, and three weapons-related charges. Our court affirmed those convictions on direct appeal. *See State v. Demery*, No. 10-1158, 2011 WL 3925714, at *9 (Iowa Ct. App. Sept. 8, 2011). Procedendo issued in December 2011.

Ten years later, Demery filed an application for postconviction relief under Iowa Code chapter 822 (2021)—his fourth such application to date.[1] Demery alleged his underlying charges were "vindictive" and "multiplicitous," violating his constitutional rights. He also asserted a claim of "actual innocence" with respect to his convictions for attempt to commit murder and assault on a peace officer, arguing the State failed to prove necessary elements of those crimes. The district court appointed counsel for Demery and, over the course of the next sixteen months, granted his requests to obtain transcripts, release trial exhibits, and hire a private investigator.

In August 2023, the State moved for summary disposition. It argued Demery's application was time-barred under Iowa Code section 822.3 and that he had failed to identify any ground of fact or law that could not have been raised within the three-year limitation period. In response, Demery alleged the ineffective assistance of his previous postconviction attorneys had prevented him from timely

---

[1] Two of Demery's previous applications reached our court on appeal. We affirmed the denial of postconviction relief in both cases. See *Demery v. State*, No. 13-1449, 2015 WL 5968609, at *5 (Iowa Ct. App. Oct. 14, 2015); *Demery v. State*, No. 19-1465, 2020 WL 1887955, at *3 (Iowa Ct. App. Apr. 15, 2020).

asserting his claims. The district court rejected Demery's argument and dismissed the application. Demery now appeals. Because his application alleged a constitutional violation, our review is de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

As his sole challenge on appeal, Demery contends this court "can and should open the door" to his time-barred claims because he was denied effective assistance of counsel in his previous postconviction proceedings. However, that door has been firmly closed by our legislature, and we do not hold the key. An application for postconviction relief "must be filed within three years from . . . the date the writ of procedendo is issued." Iowa Code § 822.3. By statute, "ineffective assistance of counsel in a prior case under [chapter 822] shall not toll or extend" this deadline.[2] *Id.*; *see also Brooks v. State*, 975 N.W.2d 444, 446 (Iowa Ct. App. 2022) (explaining the 2019 amendment to section 822.3 "abolished the relation-back doctrine for ineffective-assistance claims" recognized under prior case law).

An application for postconviction relief may only be exempted from the three-year limitation to the extent it is based on "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Demery asserts no such claim here. Neither the facts nor the legal authority that

---

[2] In his appellate brief, Demery suggests section 822.3 is unconstitutional, arguing the "right to effective counsel should override any statute which purports to limit it." However, he did not assert a constitutional challenge in his resistance to summary disposition, and the district court did not rule on the issue. We do not address claims raised for the first time on appeal. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)).

he invokes in his application were unavailable at the time his three-year deadline lapsed. Moreover, the fact that Demery alleges an "actual innocence" theory does not excuse him from the requirements of section 822.3. *See Schmidt v. State*, 909 N.W.2d 778, 799 (Iowa 2018) (evaluating the timeliness of an applicant's actual innocence claim, which was based on new facts "not available to Schmidt within the three-year period").

We acknowledge that Demery's frustration with his postconviction process is not altogether unjustified. One of the attorneys who represented him on his first application was later disciplined for neglecting the case. *See Iowa Sup. Ct. Att'y Disciplinary Bd. v. Conroy*, 845 N.W.2d 59, 65 (Iowa 2014). However, our court directly addressed that lapse of assistance in upholding denial on the merits, explaining: "[T]he overwhelming evidence of Demery's guilt overshadows any deficient or allegedly deficient performance by PCR counsel. Concisely stated, no matter how well PCR counsel had performed their duties, the outcome would not have been different." *Demery v. State*, No. 13-1449, 2015 WL 5968609, at *4 (Iowa Ct. App. Oct. 14, 2015). Thus, even if section 822.3 did not definitively foreclose his tolling argument, we are doubtful that Demery's allegations of ineffective assistance could ever provide a basis to second-guess his now fifteen-year-old convictions.

We affirm the dismissal of Demery's untimely application.

**AFFIRMED.**